## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

MICHAEL SHAWN ENGSTROM,

      Plaintiff,

v.                             Case No. 4:23-cv-486-WS/MJF

CAROLYN COLVIN,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Shawn Engstrom brought this action under 42 U.S.C. § 405(g) to seek review of a final adverse decision of the Commissioner of the Social Security Administration. Because the Commissioner applied the proper legal standards and her decision is supported by substantial evidence, the District Court should affirm the Commissioner's decision.

### I. PROCEDURAL HISTORY

In a prior decision dated March 8, 2021, the Social Security Administration ("SSA") found that Plaintiff was disabled from July 4, 2018, through July 1, 2020, secondary to chronic kidney disease, chronic heart failure, hypertension with hypertensive encephalopathy, status-

post ischemia stroke, and degenerative disc disease. Tr. 10, 73.[1] The SSA found that Plaintiff's disability ended due to his performance of substantial gainful activity. Tr. 10, 81.

On November 8, 2021, Plaintiff protectively applied for a period of disability and disability insurance benefits, claiming a disability onset date of February 6, 2021. Tr. 92, 173, 178–79. The SSA denied his claim initially and on reconsideration. Tr. 87–91, 93–103. On May 26, 2023, Plaintiff, represented by counsel, appeared and testified during a telephonic hearing before an administrative law judge ("ALJ"). Tr. 33–65. On June 28, 2023, the ALJ issued a written decision and found that Plaintiff was not disabled. Tr. 10–21. The appeals council denied Plaintiff's request for review. Tr. 1–3, 172. Thus, the ALJ's decision stands as the final decision of the Commissioner, subject to review by the District Court. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007). This appeal followed.

---

[1] "Tr." refers to the transcript of the Social Security Administration record filed on January 5, 2024. Doc. 11-2. The page numbers cited herein are those found on the bottom right corner of each page of the transcript.

## II. Summary of Evidence Elicited at Plaintiff's Hearing

Plaintiff previously worked as a welder. Tr. 38. Plaintiff suffered from untreated cardiac and vascular conditions, an untreated ankle injury, and pain when standing or walking. Tr. 37–42. Plaintiff testified that he became unable to work on February 6, 2021, due to heart failure and vascular disease. Tr. 37.

Prior to the onset date of Plaintiff's disability, he held jobs that the Vocational Expert ("VE") classified as medium, skilled work. Tr. 49. The VE testified that a hypothetical person with Plaintiff's residual functional capacity ("RFC") could not perform Plaintiff's past relevant work. Tr. 49–50. The VE testified that a hypothetical individual with Plaintiff's RFC could perform other jobs that exist in significant numbers in the national economy. *Id.* The VE identified three such jobs:

- packer, DOT 920.587-018 (~80,000 jobs in the national economy);

- cleaner, DOT 381.687-018 (~190,000 jobs in the national economy); and

- material handler, DOT 922.687-058 (~150,000 jobs in the national economy).

Tr. 50. The Dictionary of Occupational Titles ("DOT") lists all of these jobs as medium, unskilled with an SVP of 2. Tr. 50.

The ALJ inquired whether the same hypothetical person could perform light work with the same non-exertional limitations. Tr. 50. The VE identified several jobs that met these criteria:

- sorter, DOT 649.687-101 (~90,000 jobs in the national economy);

- packer, DOT 559.687-074 (~100,000 jobs in the national economy); and

- cleaner housekeeper, DOT 323.687-014 (~120,000 jobs in the national economy).

Tr. 50–51 The VE explained that the last three jobs are light, unskilled with an SVP of 2. Tr. 51.

The ALJ also inquired whether the individual could still perform those jobs with an additional limitation of walking no more than two hours in an eight-hour workday and for no more than five minutes at a time. The VE testified this limitation would preclude the cleaner housekeeper job, but such an individual still could perform the other two jobs. Tr. 51. The VE also identified a third job that could be performed with these limitations: folder, DOT 369.687-018 (~30,000 jobs in the

national economy). These three jobs—sorter, packer, and folder— require minimal walking. Tr. 51. When asked whether these jobs could be performed all day but with poor attendance, the VE opined that poor attendance is a limiting factor that would preclude all levels of work activities and jobs discussed by the VE. Tr. 54–55.

### III. THE ALJ'S FINDINGS

In denying Plaintiff's claim, the ALJ made the following findings under 20 C.F.R. § 404.1520(a)(4)(i)–(v):

1.    Plaintiff met the insured-status requirements of the Social Security Act ("the Act") through December 31, 2025;

2.    Plaintiff had not engaged in substantial gainful activity since February 6, 2021, the alleged onset date;

3.    Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, congestive heart failure, peripheral neuropathy, hypertension, hypotension, chronic kidney disease, and obesity;

4.    Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments;

5.    Plaintiff had the RFC to perform light work as defined in 20

C.F.R. § 404.1567(b) with the additional following physical limitations:[2]

> no more than two hours of walking over the course of an eight
> hour workday, for no more than five minutes at one time; no
> more than frequent balancing, stooping, kneeling, crouching,
> crawling; no more than occasional climbing.

6.    Plaintiff was unable to perform past relevant work, but given

his age, education, work experience, and RFC, there were jobs that

existed in significant numbers in the national economy that Plaintiff

could perform; and

7.    Plaintiff was not disabled, as defined in the Act, from

February 6, 2021, through the date of the decision, June 28, 2023. Tr. 12–

21.

## IV. DISCUSSION

## A.    **Standard of Review**

The District Court's review of the Commissioner's final decision is

limited. The District Court reviews the Commissioner's decision to

ensure that the Commissioner applied the proper legal standards and

---

[2] The undersigned identifies only those limitations that are relevant to
the arguments raised by Plaintiff on appeal.

substantial evidence supports the decision. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The District Court reviews questions of law *de novo. Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313–14 (11th Cir. 2021) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). For factual determinations, the District Court must determine whether the ALJ's decision is supported by "substantial evidence." *Id.* at 1313.

"Substantial evidence" is not an exacting standard. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Although substantial evidence is "more than a mere scintilla," it is not a preponderance; it requires only "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Id.*; *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence preponderates against the ALJ's findings, the District Court must affirm if the ALJ's decision is supported by substantial evidence. *Viverette*, 13 F.4th at 1314.

Pursuant to 20 C.F.R. § 404.1520(a)(4)(i)–(v),[3] the Commissioner analyzes a disability claim in five steps:

---

[3] Generally, the same legal standards apply to claims for DIB and SSI, but separate parallel statutes and regulations govern each claim. *See* 20

1.    Is the individual currently engaged in substantial gainful activity?

2.    Does the individual have any severe impairments?

3.    Does the individual have any severe impairments or combination of impairments that meet or equal those listed in 20 C.F.R. Part 404?

4.    Does the individual have the RFC to perform work despite limitations and are there any impairments that prevent past relevant work?

5.    Do the individual's impairments prevent other work?

The claimant bears the burden of establishing a severe impairment that keeps her from performing past relevant work. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy that, given all of the claimant's impairments, the claimant can perform. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir.

---

C.F.R. §§ 404, 416. Citations of statutes or regulations found in quoted court decisions in this report and recommendation should be considered to refer to the appropriate parallel provision.

2021). If the Commissioner carries this burden, the claimant then must prove that she cannot perform the work suggested by the Commissioner.

Plaintiff raises a single issue: whether the ALJ erred in finding that Plaintiff could perform light work limited to jobs requiring no more than two hours of walking for no more than five minutes at a time. Doc. 14 at 6–8. Although his arguments are ambiguous, Plaintiff appears to assert that he is limited to sedentary work, and in finding that Plaintiff could perform light work, ALJ improperly applied limitations regarding walking and standing. Doc. 14 at 7–11.

## B. Substantial Evidence Supports the ALJ's Step-Four Finding

### 1. *Plaintiff's Change in Age Category*

Plaintiff first suggests that the ALJ erred by failing to consider Plaintiff's change in age category on March 22, 2023, when he attained the age of fifty years. Doc. 14 at 6. In determining whether a claimant is disabled under 20 C.F.R. § 404.1520(g)(1), an ALJ must consider a claimant's chronological age in combination with other vocational factors, such as the claimant's RFC, education, and work experience. *See* 20 C.F.R. § 404.1563(a).

Social Security regulations define an individual under the age of fifty as a "younger person," whose age is not generally considered to seriously affect the individual's ability to adjust to other work. 20 C.F.R. § 404.1563(c). An individual aged fifty to fifty-four is defined as a "person closely approaching advanced age." 20 C.F.R. § 404.1563(d). For such individuals, the ALJ should consider that age, along with a severe impairment and limited work experience, may seriously affect the claimant's ability to adjust to other work. 20 C.F.R. § 404.1563(d); *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 816 (11th Cir. 2015).

Here, there is no dispute that Plaintiff had reached fifty years of age during his alleged period of disability. The ALJ acknowledged this in her decision: "The claimant . . . was 47 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age . . . ." Tr. 20 (citing 20 C.F.R. § 404.1563). In determining whether Plaintiff could perform other work, the ALJ considered Plaintiff's age, education, work experience, and RFC; and the ALJ's questions to the VE included age and the other factors. Tr. 20.

Therefore, to the extent that Plaintiff complains the ALJ failed to consider Plaintiff's transition from a younger person to a person closely approaching advanced age, the hearing transcript and the ALJ's decision indicates that Plaintiff's age was properly considered in combination with other vocational factors.

### 2.  *Plaintiff's Walking and Standing Limitations*

Plaintiff asserts that he is limited to sedentary work, and therefore, substantial evidence does not support the ALJ's conclusion that he can perform less than the full range of light work, even taking into account his limitations regarding walking. Doc. 14 at 7–11.

The Social Security regulations define the terms, "sedentary work" and "light work":

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

> *    *    *

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking

or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(a)–(b); *accord Jones*, 603 F. App'x at 818.

Here, the ALJ recognized that the SSA previously found that Plaintiff was disabled from July 4, 2018, through July 1, 2020, and that this disability ended when Plaintiff performed substantial gainful activity after the end of his trial work period. Tr. 16, 75, 81–82. In October 2020, Plaintiff was seen by a primary care provider ("PCP"), Ruth A. Stanley, who diagnosed Plaintiff as suffering from uncontrolled hypertension, peripheral edema, lower extremity pain and swelling, peripheral neuropathy, and stage III chronic kidney disease. Tr. 16–17, 617, 666. Plaintiff's complaints included "cough, decreased activity tolerance, decreased sensation, leg pain, nocturia, paresthesia, shortness of breath, weight gain." Tr. 17, 615.

At a follow-up appointment with his PCP in February 2021, prior to Plaintiff's onset date, Plaintiff reported that his circulatory issues in his feet and edema had improved after ceasing a specific cardiac medication. Tr. 17, 652–53. Plaintiff stated that he still has cramping at the end of the day and some muscle twitching, numbness, and tingling to his feet, but "he does report that he feels much better." Tr. 17, 653.

At another appointment on March 8, 2021, Plaintiff advised he was moving to Florida and indicated that he had shortness of breath when ascending or descending stairs, but he did not experience chest pains or radiating pains. Tr. 17, 651–52. Plaintiff's PCP assessed him as "quite stable at this time" and permitted Plaintiff to increase his dosage of gabapentin to treat his persistent neuropathy symptoms. Tr. 17, 652.

After Plaintiff moved to Florida in October 2021, Plaintiff went to an emergency room with complaints of shortness of breath without chest pain. Tr. 682, 688. The work-up was negative for cardiac concerns, and his labs were within normal limits. Tr. 17, 682–701.

On January 5, 2023, Plaintiff underwent a consultative physical examination conducted and documented by agency Nurse Practitioner Laura Smith and Dr. Abdul H. Sofi. Tr. 17–18, 703–08. The ALJ summarized the examination report as follows:

> Lumbar imaging taken in connection with the examination showed degenerative disc disease at the L4-5 level. Physical examination contains a notation for normal gait and station, normal finger to nose, heel to knee, and absent Romberg's Sign. Upper and lower extremity strength was full; sensory examination was normal; and reflexes were normal. Other findings include abnormal gait favoring the right ankle.
>
> In the area of the report titled "Assessment/Plan," it is noted "This person has c/o pain in his low back, right ankle and both

> feet on exam which is making it difficult to walk and stand for long periods of time. He also has trouble with bending and lifting . . . . He can reach above his shoulders, he can push and pull. He has no trouble with climbing onto the exam table, he cannot stoop, balance, crawl or kneel . . . . He does not use any assisting device for ambulation."

Tr. 17–18, 705. Plaintiff emphasizes the assessment that Plaintiff cannot balance and argues that "[i]t seems logical that a person who is unable to balance is also unable to stand and work for six hours a day." Doc. 14 at 11.

However, the ALJ discounted the section of the Assessment/Plan which stated that Plaintiff "cannot stoop, balance, crawl or kneel," based on the lack of clinical support for this assessment. Tr. 19. Plaintiff does not address this finding by the ALJ, nor does Plaintiff demonstrate that the ALJ erred in making this finding. Plaintiff does not cite any other evidence in the record to support his claim that he is unable to perform light work, even as limited by the ALJ to no more than two hours of walking over the course of an eight-hour workday, for no more than five minutes at one time. *See* Tr. 15. Additionally, the record contains other evidence supporting the ALJ's findings that Plaintiff is able to perform light work with limited walking.

The ALJ also considered an evaluation of Plaintiff on January 7, 2023, by an agency psychologist, Dr. Susan E. Davis. In her report, Dr. Davis noted Plaintiff was "able to walk independently, with ease, with no involuntary movements noted, without assistive device." Tr. 18, 710. This report supports the ALJ's finding that Plaintiff possessed the ability to walk.

At the reconsideration level, an occupational medicine specialist, Dr. Sunita Patel, reviewed the record and opined that Plaintiff could perform a reduced range of medium work with postural limitations and environmental limitations. Tr. 19, 93–103. The ALJ found that the record supported those limitations *except* the ALJ found the Plaintiff was limited to walking for no more than two hours in an eight-hour workday, rather than six hours, and a handheld assistive devise was not medically necessary. Tr. 17; *see* Tr. 705. Thus, the ALJ rejected the occupational specialist's findings regarding Plaintiff's ability to walk and perform medium work. Instead, the ALJ determined—*in Plaintiff's favor*—that Plaintiff's ability to walk was limited and Plaintiff was able to perform less than a full or wide range of light work. Furthermore, at Step 5, the ALJ properly considered the VE's testimony that three jobs of sorter,

packer, and folder were jobs requiring minimal walking, like two or three minutes probably every two hours. Tr. 51.

The ALJ fully and properly considered Plaintiff's limitations in determining that Plaintiff could perform less than a full or wide range of light work, subject to several exceptions supported by the record. *See Porto v. Acting Comm'r of Soc. Sec.*, 851 F. App'x 142, 147 (11th Cir. 2021). Plaintiff has not demonstrated that the ALJ committed reversible error.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **AFFIRM** the Commissioner's decision and **DISMISS** this action.

2.    Enter **FINAL JUDGMENT**, pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's decision.

3.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>30th</u> day of December, 2024.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**